**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 17 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

STEVEN J. KRIER,

        Plaintiff-Appellant,

  v.

ADAM FORTNEY, Sheriff, Snohomish
County; et al.,

        Defendants-Appellees.

No. 20-36085

D.C. No. 2:20-cv-01073-RSM

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Submitted November 8, 2021[**]

Before:    CANBY, TASHIMA, and MILLER, Circuit Judges.

Steven J. Krier appeals pro se from the district court's judgment dismissing

his 42 U.S.C. § 1983 action alleging various constitutional claims. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under

28 U.S.C. § 1915(e)(2)(B), *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir.

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2012), and we review for an abuse of discretion a district court's denial of leave to amend, *Curry v. Yelp Inc.*, 875 F.3d 1219, 1224 (9th Cir. 2017). We vacate and remand.

The district court dismissed Krier's Fourth Amendment unlawful search and arrest claims because Krier's consent to wearing the electronic monitoring device constituted an exception to the warrant requirement. The district court also dismissed Krier's Fourteenth Amendment claim alleging unlawful conditions of confinement while he was subsequently detained because the named defendants did not operate the jail and were not responsible for the jail's conditions.

However, dismissal of Krier's Fourth and Fourteenth Amendment claims without leave to amend was premature because it is not absolutely clear that amendment would be futile. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."); *see also Illinois v. Rodriguez*, 497 U.S. 177, 181 (1990) (explaining that the "Fourth Amendment generally prohibits the warrantless entry of a person's home, whether to make an arrest or to search for specific objects," but that the prohibition does not apply where voluntary consent has been obtained); *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) (remanding because the district court failed to grant

leave to amend the complaint to name the correct defendants).  It is unclear whether Krier's agreement to wear the electronic monitoring device constituted a consent to a search in his home, and what the circumstances were for his arrest. He also named the sheriff as a defendant for his conditions-of-confinement claim. Accordingly, we vacate the judgment and remand for the district court to provide Krier with an opportunity to amend his complaint as to these claims only.

We do not consider matters not specifically and distinctly raised and argued in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**VACATED and REMANDED.**